IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CASE NO. CR106-71 |
| ) | |
| JOHNNY HOLLIS, ) | |
| ) | |
| Defendant. ) | |

## O R D E R

Before the Court are pro se Petitioner Mike Samadi's "Motion for Injunctive Relief, Motion to Vacate Orders" and "Amended Motion for Injunctive Relief, Motion to Vacate Orders / In the Alternative to File Ancillary Proceeding in Forfeiture Action." (Docs. 59 & 61.) In this criminal case, the Indictment against Defendant Johnny Hollis includes a forfeiture allegation for (a) the proceeds from the sale of real property, namely the office of Security Consultants Financial Services, located at 3540 Wheeler Road, Augusta, Georgia, 30909, held by "M.S.," a nominee of Johnny Hollis; and (b) proceeds from the sale of real property, namely the residence of Johnny Hollis, located at 3988 Hammonds Ferry, Evans, Georgia 30809, held in the name of "M.S.," a nominee of Johnny Hollis. The Government contends that "M.S." are the initials of Petitioner Mike Samadi. Petitioner seeks to challenge the seizure warrant

issued by this Court on March 27, 2006 and the Ex-Parte Restraining Order that maintains the status quo of the assets.

The Government seeks forfeiture pursuant to 18 U.S.C. § 982. This Section incorporates the procedural provisions of 21 U.S.C. § 853, which provides, in pertinent part:

> (k) Bar on intervention
> Except as provided in subsection (n) of this section, no party claiming an interest in property subject to forfeiture under this section may —
> (1) intervene in a trial or appeal of a criminal case involving the forfeiture of such property under this section; or
> (2) commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this section.

21 U.S.C. § 853(k). Under this subsection, Petitioner is not permitted to intervene in this criminal action or to initiate an ancillary proceeding at this time. Therefore, the motions are **DENIED**.

If the Defendant is convicted in this action, and if the Defendant is determined to have forfeited his interest in the assets, the Court will then conduct an ancillary proceeding to give all potential third-party claimants the opportunity to contest the forfeiture. The procedures for such a proceeding are set forth in 18 U.S.C. § 853(n):

> (1) Following the entry of an order of forfeiture under this section, the United States shall publish notice of the order and of its intent to dispose of the property in such manner as the Attorney General may direct. The Government may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified.
> (2) Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.

21 U.S.C. § 853(n)(1)-(2). If it becomes necessary, the Court will follow the procedures set forth in 21 U.S.C. § 853(n)(1)-(7) and in Federal Rule of Criminal Procedure 32.2(c).

Accordingly, Petitioner's motions are **DENIED.** Following any entry of forfeiture against the Defendant, the Government is **DIRECTED** to provide direct written notice to Petitioner Mike Samadi as a known person under 18 U.S.C. § 853(n)(1).

SO ORDERED this 16th day of April, 2007.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3